UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN BETANCOURT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADVANTAGE HUMAN RESOURCING, INC.,<br><br>　　　　　Defendant. | Case No.  14-cv-01788-JST<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Re: ECF No. 33 |

　　　　In this putative class action wage and hour employment dispute, Plaintiff Juan Betancourt has filed a motion for preliminary approval of a class action settlement. ECF No. 33. The Court is unable to evaluate the adequacy of the settlement, however, because Plaintiff does not estimate class members' total potential recovery if they were to prevail on each of their claims at trial. See N.D. Procedural Guidance for Class Action Settlements, available at http://www.cand.uscourts.gov/ClassActionSettlementGuidance ("The motion for preliminary approval should address . . . [t]he likely recovery per plaintiff under the terms of the settlement and the potential recovery if plaintiffs were to prevail on each of their claims.")

　　　　Plaintiff does state that class members attended approximately 22,310 interviews, and that at an average hourly rate of $11.25, $250,988 is the approximate total of what the class could obtain at trial for lost wages. ECF No. 33 at 11. Plaintiff stresses that the gross settlement amount ($320,000) exceeds this figure, and that the net settlement amount is 52 percent of this sum. Id. But Plaintiff does not estimate the class' total potential recovery in penalties, even though Plaintiff also seeks penalties under California Labor Code section 226(e) for inaccurate wage statement and section 203 for waiting time penalties. Id. at 12. Plaintiff only describes how penalties are

United States District Court
Northern District of California

calculated under sections 226(e) and 203,[1] and acknowledges that class members would not automatically be entitled to such penalties if they prevail on their claims for unpaid wages. Id.

Without information about Plaintiff's potential recovery, the Court cannot determine what percentage of that total potential recovery the settlement represents and whether the settlement is adequate. Plaintiff's motion should detail what class members' potential recovery would be if the class prevailed on each of its claims, including its claims for penalties. Plaintiff may also provide additional justification for the proposed settlement as it compares to the revised potential total recovery.

Accordingly, Plaintiff is ordered to file supplemental briefing addressing the total potential recovery if Plaintiff was to prevail on each of his claims on or before July 31, 2015.

IT IS SO ORDERED.

Dated: July 13, 2015

_____
JON S. TIGAR
United States District Judge

---

[1] Section 226(e) provides that when an employer "knowingly and intentionally" violates section 226(a), any employee "suffering injury" may sue and collect actual damages or a penalty of $50 or $100 (for subsequent violations), whichever is greater, up to a maximum of $4,000 per employee. CAL. LAB. CODE § 226(e). Section 203 provides that when an employer "willfully fails to pay" wages of an employee who quits or is discharged, the penalty is measured at the employee's daily rate of pay and is calculated by multiplying the daily wage by the number of days that the employee was not paid, up to a maximum of 30 days. Id. § 203.

2